NICHOLSON et v. BROUSE, Exr., etc.

BROUSE, Exr., etc. v. NORRIS et.

Ohio Appeals, 9th Dist., Summit Co.

Nos. 1361 and 1392. Decided Feb. 27, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

485. EXECUTORS AND ADMINISTRATORS — 997. Real Estate—887. Parties.

Proceeding of executor or administrator to sell real estate to pay debts and costs of administration, whether in Common Pleas or Probate, is civil action in which any person who has or claims interest in land or who is necessary party to complete determination of any question involved, is proper party defendant.

Error to Common Pleas.

Judgment reversed.

Laybourne, Zesiger, Johnson & Crafts, Akron, for Nicholson.

Commins, Brouse, Englebeck & McDowell and J. Fred Smith, Akron, for Brouse, Exr.

Mottinger & Evans, Akron, for Norris et.

FULL TEXT.

PARDEE, J.

After looking these two cases over, we are satisfied that they should be consolidated, and an order may be drawn accordingly; the bill of exceptions filed in case No. 1381, of course, being available to all parties.

"A bill of exceptions taken and filed in a cause within the time limited by the statutes is available on proceedings in error to all parties whose exceptions therein appear."

Yaryan v. City of Toledo, et al., 75 O. S. 307.

The bill of exceptions shows that Edwin W. Brouse, executor, the plaintiff in the trial court, asked, during the course of the trial, for leave to amend his petition so as to include the easements referred to in the answer and cross-petition of Winnie W. Gardner as a part of the real estate owned by the decedent and desired to be sold. This request was denied by the trial court. We think this ruling was prejudicial error.

The executor did have a right to amend his petition to include these easements, and the owners of the servient estates, after this amendment is made, would then have the right to file answers, claiming that they were the owners of said servient estates free of said easements. If this were done, this would then make issues properly determinable by the trial court, upon proper evidence to be adduced upon said issues.

"1. The proceeding of an executor or administrator to sell the real estate of the deceased, to pay the debts and costs of administering his estate, whether prosecuted in the Court of Common Pleas, or the Probate Court, is a civil action, in which any person may be made a defendant, who has or claims an interest in the land, or who is a necessary party to a complete determination of any question involved in the action."

Doan, et al., v. Biteley, 49 OS. 588.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for further proceedings as provided by law.

(Washburn, PJ., and Funk, J., concur.)